1  JEFFREY A. SWEDO  (SBN:  78361)
   GORDON & REES LLP
2  2211 Michelson Drive
   Suite 400
3  Irvine, CA 92612
   Telephone:  (949) 255-6950
4  Facsimile:  (949) 474-2060

5  Attorneys for Defendant and Cross-Complainant,
   MODULAR MINING SYSTEMS, INC.

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 CORNERSTONE ONDEMAND, INC., a          CASE NO.
   Delaware corporation,
12                                         **NOTICE OF LODGMENT OF
                            Plaintiff,     STATE COURT PLEADINGS**
13
         vs.                              **Filed concurrently with:**
14                                          1. **Notice of Removal;**
   MODULAR MINING SYSTEMS, INC., an        2. **Civil Case Cover Sheet;
15 Arizona corporation; and DOES 1 through     and**
   10, inclusive                           3. **Certification of
16                                             Interested Parties**
                            Defendant.
17
   MODULAR MINING SYSTEMS, INC., an
18 Arizona corporation,

19                    Cross-Complainant,

20

21       vs.

22 CORNERSTONE ONDEMAND, INC., a
   Delaware corporation; and ROES 1 through
23 50, inclusive

24                    Cross-Defendants.

25       **TO THIS HONORABLE COURT:**

26       Pursuant to 28 U.S. Code section 1446(a), Defendant Modular Mining

27 Systems, Inc. (hereinafter "Defendant") hereby lodges true and correct copies of all

28 process, pleadings and orders served by or on Modular Mining Systems, Inc. in the

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

Superior Court of the State of California, County of Los Angeles, Central District, Case No. BC661617.

| Exhibit | Title | Party |
|---------|-------|-------|
| 1. | Summons & Complaint | Plaintiff |
| 2. | Answer to Complaint | Defendant |
| 3. | Cross-Complaint | Defendant |

Dated:  June 14, 2017                    GORDON & REES LLP


                                         By:   /s/ Jeffrey A. Swedo
                                               Jeffrey A. Swedo
                                               Attorneys for Defendant and
                                               Cross-Complainant MODULAR
                                               MINING SYSTEMS, INC.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1136496/33240064v.1

2
NOTICE OF LODGMENT OF STATE COURT PLEADINGS

# Exhibit 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MODULAR MINING SYSTEMS, INC., an Arizona corporation; and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Cornerstone OnDemand, Inc., a Delaware corporation

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 16 2017

Sherri R. Carter, Executive Officer/Clerk

By _____ *M. Soto* _____, Deputy

Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Los Angeles / Central District *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* BC 6 6 1 6 1 7 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence J. Imel, Esq., Lurie, Zepeda, Schmalz, Hogan & Martin, 1875 Century Park East, Suite 2100, Los Angeles, California 90067
(310) 274-8700

| DATE: *(Fecha):* MAY 16 2017 | SHERRI R. CARTER | Clerk, by *(Secretario)* | M. Soto | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
| --- | --- |

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Modular Mining Systems, Inc.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
   A Professional Corporation
2  LAWRENCE J. IMEL, State Bar No. 223851
   limel@lurie-zepeda.com
3  JULIAN M. FELDBEIN-VINDERMAN, State Bar No. 307838
   jfeldbein-vinderman@lurie-zepeda.com
4  1875 Century Park East, Suite 2100
   Los Angeles, California 90067-2574
5  PH: (310) 274-8700   FAX: (310) 274-2798
6  Attorneys for Plaintiff
   Cornerstone OnDemand, Inc.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 16 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Moses Soto

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11  CORNERSTONE ONDEMAND, INC., a          Case No.:   BC 6 6 1 6 1 7
    Delaware corporation,
                                           COMPLAINT FOR:
12
                  Plaintiff,                  (1)  BREACH OF CONTRACT;
13
            vs.                              (2)  QUANTUM MERUIT; AND
14
    MODULAR MINING SYSTEMS, INC., an          (3)  ACCOUNT STATED
    Arizona corporation; and DOES 1 through 10,
15  inclusive,

16                Defendants.

17

18        Plaintiff Cornerstone OnDemand, Inc., a Delaware corporation ("Cornerstone"), alleges as

19  follows:

20                        I.      PRELIMINARY ALLEGATIONS

21        1.      Cornerstone is, and at all times herein mentioned was, a Delaware corporation, with its

22  principal place of business in the City of Santa Monica, County of Los Angeles, State of California.

23  Founded in 1999, Cornerstone offers an on-line software application with thousands of features that,

24  among other things, helps organizations of all sizes and types to hire, develop, and evaluate their

25  employees more efficiently and effectively.  Cornerstone is a publicly traded company which serves

26  companies in a variety of industries including, but not limited to, the financial, healthcare, higher

27  education, legal, manufacturing, retail and energy and technology sectors.  Cornerstone's Internet-

28  based "software-as-a-service" is a cost-effective alternative to customary on-premises software

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

1  installations, which typically require comparatively large investments of time, personnel, hardware

2  and consulting.

3       2.      Cornerstone is informed and believes, and based thereon alleges, that Defendant

4  Modular Mining Systems, Inc. ("Modular Mining Systems") is an Arizona corporation with its

5  principal place of business at 3289 E Hemisphere Loop, Tucson, AZ 85706-5014.

6       3.      The true names and capacities, whether individual, corporate, associate or otherwise, of

7  Defendants named herein as Does 1 through 10, inclusive, are unknown to Cornerstone, who,

8  therefore, sues said Defendants by fictitious names and will ask leave of Court to amend this

9  Complaint to show their true names and capacities when they have been ascertained.

10      4.      Cornerstone is informed and believes, and based on said information and belief alleges,

11  that each of the fictitiously named Defendants, named herein as Does 1 through 10, are legally

12  responsible in some manner for the occurrences herein alleged, and that Cornerstone's damages as

13  herein alleged were caused in part by said fictitiously named Defendants.

14      5.      Cornerstone is informed and believes, and based on said information and belief alleges,

15  that at all times herein mentioned, each and every Defendant herein was the agent and/or employee of

16  the other Defendants, and each of them, and was acting within the scope, purpose and authority of that

17  agency and/or employment and with the knowledge, permission and consent of said co-Defendants,

18  and each of them.

19                          **II.     GENERAL ALLEGATIONS**

20      6.      On or about December 11, 2015, Cornerstone entered into a written Master Agreement

21  and Order (collectively, the "Agreement") with Modular Mining Systems whereby Cornerstone

22  agreed to implement, configure and deploy its business edition software package, consisting of

23  employee recruiting, onboarding, link, performance and compensation modules (the "Modules"), for

24  Modular Mining Systems.  Pursuant to the Agreement, Cornerstone granted Modular Mining Systems

25  a non-exclusive and non-transferable license to use the Modules for 725 activing users for a period of

26  three (3) years and three (3) months, beginning on December 11, 2015, and ending on March 10,

27  2018.  The initial three (3) year and three (3) month term of the Agreement included the time

28

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) QUANTUM MERUIT; AND (3) ACCOUNT STATED**

1   necessary for Cornerstone to implement and deploy the Modules.[1]

2       7.    Pursuant to the Agreement, Modular Mining Systems agreed to pay Cornerstone the

3   base amount of $359,000 (not including applicable sales, use, or other taxes) for the license and

4   services which are the subject of the Agreement as follows: (1) $193,000 (less a 3% courtesy discount

5   if payment is received on or before December 23, 2015) on January 10, 2016; (2) $83,000 on January

6   10, 2017; and (3) $83,000 on January 10, 2018.

7       8.    Cornerstone performed all obligations, promises and conditions required of it pursuant

8   to the terms and conditions of the Agreement, except those obligations, promises and conditions

9   Cornerstone was prevented or excused from performing.

10      9.    On December 11, 2016, Cornerstone issued Invoice No. 061176 to Modular Mining

11  Systems for the payment due under the Agreement on January 10, 2017 in the amount of $83,000.00

12  (including applicable sales, use and other taxes).

13      10.    Modular Mining Systems failed to remit payment to Cornerstone as required by the

14  Agreement.  In fact, the only payment ever made by Modular Mining Systems to Cornerstone was the

15  initial payment due in the amount of $188,440.25 (representing the initial payment in the amount of

16  $193,000 less a 3% courtesy discount) which Cornerstone received on or before December 23, 2015.

17  Cornerstone has made demand on Modular Mining Systems for payment in the amount of $83,000.00

18  currently due under the Agreement, but Modular Mining Systems has failed and refused to pay such

19  amounts and has advised Cornerstone that it will not tender any additional payments to Cornerstone

20  under the Agreement.

21      11.    The Agreement provides, in pertinent part, that (1) the Agreement shall be governed by

22  and construed in accordance with the laws of the State of California; (2) any suit, action or proceeding

23  arising out of, or with respect to, the Agreement shall be brought exclusively in the state or federal

24  courts of the State of California located in the County of Los Angeles; and (3) the state or federal

25

26  [1] The Agreement also provided that Cornerstone would provide its "Core" content product to Modular Mining Systems to 700 users for the same period.  However, on January 27, 2016, Cornerstone and

27  Modular Mining Systems entered into an Amendment to Order (the "Amendment"), which modified the Agreement as follows: "(1) The 'Core' Content Product was selected for 700 users in error.  The Core Content Product is not purchased in this Order and, accordingly, this selection is removed from

28  the table of purchased Products.  All fees listed in the Order shall remain unchanged; (2) All other terms and conditions of the Agreement remain unchanged."

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

1    courts of the State of California have exclusive personal jurisdiction over Modular Mining Systems

2    and venue for any claims arising out of, or with respect to, the Agreement.

3                                 **FIRST CAUSE OF ACTION**

4                                   **(Breach of Contract)**

5          12.     Cornerstone repeats and realleges Paragraphs 1 through 11, as if set out in full herein.

6          13.     On or about December 11, 2015, Cornerstone entered into the Agreement with

7    Modular Mining Systems whereby Cornerstone agreed to implement, configure and deploy the

8    Modules for Modular Mining Systems.

9          14.     Pursuant to the Agreement, Modular Mining Systems agreed to pay Cornerstone the

10   base amount of $359,000 (not including applicable sales, use, or other taxes) for the license and

11   services which are the subject of the Agreement as follows: (1) $193,000 (less a 3% courtesy discount

12   if payment is received on or before December 23, 2015) on January 10, 2016; (2) $83,000 on January

13   10, 2017; and (3) $83,000 on January 10, 2018.

14         15.     On December 11, 2016, Cornerstone issued Invoice No. 061176 to Modular Mining

15   Systems for the payment due under the Agreement on January 10, 2017 in the amount of $83,000.00

16   (including applicable sales, use and other taxes).  Modular Mining Systems failed to remit this

17   payment to Cornerstone and has informed Cornerstone that it will not remit any further payments to

18   Cornerstone under the Agreement, including the third installment payment in the amount of $83,000

19   which is due on January 10, 2018.  Modular Mining Systems has therefore breached, and continues to

20   breach, the Agreement and the Amendment by failing and refusing to remit payment to Cornerstone.

21         16.     Cornerstone has performed all obligations, promises and conditions required of it

22   pursuant to the terms and conditions of the Agreement, except those obligations, promises and

23   conditions Cornerstone was prevented or excused from performing.

24         17.     As a proximate and direct result of Modular Mining Systems breaches of the

25   Agreement, Cornerstone has suffered and will continue to suffer damages in an amount exceeding the

26   jurisdictional minimum of this Court.

27   / / /

28   / / /

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

<div style="writing-mode: vertical">LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574</div>

## SECOND CAUSE OF ACTION

### (Quantum Meruit)

18.　Cornerstone repeats and realleges Paragraphs 1 through 11, as if set out in full herein.

19.　Cornerstone rendered reasonable and valuable services to Modular Mining Systems, the benefit of which Modular Mining Systems accepted and for which Cornerstone is entitled to be paid the reasonable value thereof.

20.　As a proximate and direct result of Modular Mining System's failure and refusal to remit payment to Cornerstone for the reasonable value of services rendered, Cornerstone has suffered and will continue to suffer damages in an amount exceeding the jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

### (Account Stated)

21.　Cornerstone repeats and realleges Paragraphs 1 through 11, as if set out in full herein.

22.　Modular Mining Systems became indebted to Cornerstone on an account stated for money due for services rendered and costs advanced, at its special insistence and request, pursuant to the Agreement.

23.　Cornerstone has made demand on Modular Mining Systems for payment of the sums due and owing pursuant to the Agreement, but Modular Mining Systems has failed and refused to pay such amounts.

24.　As a proximate and direct result of Modular Mining System's refusal to pay the sums owing to Cornerstone under the Agreement, Cornerstone has suffered and will continue to suffer damages in an amount exceeding the jurisdictional minimum of this Court.

WHEREFORE, Cornerstone prays as follows:

### ON THE FIRST CAUSE OF ACTION

1.　For compensatory damages in an amount exceeding the jurisdictional minimum of this Court;

2.　For pre-judgment interest from and after January 10, 2017.

### ON THE SECOND CAUSE OF ACTION

1.　For compensatory damages in an amount exceeding the jurisdictional minimum of this

COMPLAINT FOR (1) BREACH OF CONTRACT; (2) QUANTUM MERUIT; AND (3) ACCOUNT STATED

1  Court;

2    2.    For pre-judgment interest from and after January 10, 2017.

3                **ON THE THIRD CAUSE OF ACTION**

4    1.    For compensatory damages in an amount exceeding the jurisdictional minimum of this

5  Court;

6    2.    For pre-judgment interest from and after January 10, 2017.

7                **ON ALL CAUSES OF ACTION**

8    1.    For Cornerstone's costs of suit incurred herein; and

9    2.    For such other and further relief as the Court may deem just and proper.

10

11  Dated: May 16, 2017                    LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
                                          LAWRENCE J. IMEL
12                                        JULIAN M. FELDBEIN-VINDERMAN

13

14                                 By: *Julian Feldbein – Vinderman*

15                                        JULIAN M. FELDBEIN-VINDERMAN
                                          Attorneys for Plaintiff
16                                        Cornerstone OnDemand, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN
1875 Century Park East, Suite 2100
Los Angeles, California 90067-2574

**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) QUANTUM MERUIT; AND (3) ACCOUNT STATED**

# Exhibit 2



1  JEFFREY A. SWEDO  (SBN:  78361)
   GORDON & REES LLP
2  2211 Michelson Drive
   Suite 400
3  Irvine, CA 92612
   Telephone:  (949) 255-6950
4  Facsimile:  (949) 474-2060

5  Attorneys for Defendant
   MODULAR MINING SYSTEMS, INC.
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  CORNERSTONE ONDEMAND, INC., a Delaware  )   CASE NO. BC661617
    corporation,                            )
12                                          )   Assigned for All Purposes to:
                            Plaintiff,      )   Judge:  Hon. Maureen Duffy-Lewis
13                                          )   Dept.:  38
            vs.                             )
14                                          )   **ANSWER OF MODULAR MINING**
    MODULAR MINING SYSTEMS, INC., an Arizona )  **SYSTEMS, INC. TO COMPLAINT**
15  corporation; and DOES 1 through 10, inclusive )  **OF CORNERSTONE**
                                            )   **ONDEMAND, INC.**
16                          Defendant.      )
                                            )   Action filed:  05/16/17
17  _____ )   Trial Date:    None

18

19        Defendant, MODULAR MINING SYSTEMS, INC. ("defendant,") answers the

20  unverified Complaint of CORNERSTONE ONDEMAND, INC. ("plaintiff") as follows:

21                            <u>**GENERAL DENIAL**</u>

22        Pursuant to *California Code of Civil Procedure* § 431.30(d), defendant denies generally

23  and specifically each and every allegation in the Complaint and further specifically denies that

24  this answering defendant is in any way responsible in any respect for the damages that plaintiff

25  has sustained or will sustain as alleged in the Complaint, and further denies that Plaintiff is now,

26  or will be, entitled to damages as a result of the matters alleged in the Complaint filed in this

27  action.

28
                                      -1-
   _____
              ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

To further answer plaintiff's Complaint, defendant states the following facts as separate affirmative defenses, as to each and every cause of action contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

As a defense to each of plaintiff's causes of action, defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against defendant.

## SECOND AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

As a defense to each of plaintiff's causes of action, defendant alleges that the Complaint's causes of action are barred by the statutes of limitation including but not limited to *Code of Civil Procedure* §§ 335, 337, 338, 339, 340, 343, 344, 359, *California Commercial Code* § 440.2725 and all other applicable provisions of the *California Code of Civil Procedure*, *California Civil Code*, and *California Commercial Code*.

## THIRD AFFIRMATIVE DEFENSE

## (PLAINTIFF'S FAILURE TO PERFORM)

As a defense to each of plaintiff's causes of action, defendant alleges that this answering defendant is excused from any liability herein due to plaintiff's failure to substantially perform under the terms of the contract sued upon.

## FOURTH AFFIRMATIVE DEFENSE

## (LACK OF CONSIDERATION)

As a defense to each of plaintiff's causes of action, defendant alleges that the contract alleged in the Complaint is unenforceable as the result of the lack of consideration pursuant to *California Civil Code* § 1550.

## FIFTH AFFIRMATIVE DEFENSE

## (FAILURE OF CONSIDERATION)

As a defense to each of plaintiff's causes of action, defendant alleges that the contract alleged in the Complaint is unenforceable as the result of the failure of consideration pursuant to *California Civil Code* § 1689(b).

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-2-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## SIXTH AFFIRMATIVE DEFENSE

## (RESCISSION)

As a defense to each of plaintiff's causes of action, defendant alleges that the contract is unenforceable and this answering defendant is excused from any liability alleged herein, on the grounds that the contract sued on has been properly rescinded.

## SEVENTH AFFIRMATIVE DEFENSE

## (TERMINATION FOR CAUSE)

As a defense to each of plaintiff's causes of action, defendant alleges that the contract is unenforceable and this answering defendant is excused from any liability alleged herein, on the grounds that the contract sued on has been properly terminated for cause.

## EIGHTH AFFIRMATIVE DEFENSE

## (MISTAKE)

As a defense to each of plaintiff's causes of action, defendant alleges that it is excused from any liability alleged herein, on the grounds of unilateral or mutual mistake.

## NINTH AFFIRMATIVE DEFENSE

## (CONDITIONS PRECEDENT)

As a defense to each of plaintiff's causes of action, defendant alleges that it is excused from performance under any contracts alleged herein, because plaintiff failed or refused to perform one or more conditions precedent to this answering defendants' performance.

## TENTH AFFIRMATIVE DEFENSE

## (SUBSTANTIAL PERFORMANCE)

As a defense to each of plaintiff's causes of action, defendant alleges that it is excused from any lack of performance under any contract alleged herein, because this answering defendant substantially performed all terms and conditions required of it.

## ELEVENTH AFFIRMATIVE DEFENSE

## (CONTRACT DIVISIBLE)

As a defense to each of plaintiff's causes of action, defendant alleges that any and all contracts alleged herein were divisible, and that this answering defendant fully performed on a

-3-

ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT

1  divisible portion or portions.

2  **TWELFTH AFFIRMATIVE DEFENSE**

3  **(MODIFICATION)**

4      As a defense to each of plaintiff's causes of action, defendant alleges that any

5  performance allegedly due on any and all contracts alleged herein was discharged by a

6  modification.

7  **THIRTEENTH AFFIRMATIVE DEFENSE**

8  **(FRUSTRATION OF PURPOSE)**

9      As a defense to each of plaintiff's causes of action, defendant alleges that any

10  performance allegedly due on any and all contracts alleged herein was discharged by a

11  frustration of purpose.

12  **FOURTEENTH AFFIRMATIVE DEFENSE**

13  **(CONDITION SUBSEQUENT)**

14      As a defense to each of plaintiff's causes of action, defendant alleges that any

15  performance allegedly due on any and all contracts alleged herein was discharged by occurrence

16  and/or non-occurrence of a condition subsequent.

17  **FIFTEENTH AFFIRMATIVE DEFENSE**

18  **(ACCORD AND SATISFACTION)**

19      As a defense to each of plaintiff's causes of action, defendant alleges that any

20  performance allegedly due on any and all contracts alleged herein was discharged by accord and

21  satisfaction.

22  **SIXTEENTH AFFIRMATIVE DEFENSE**

23  **(NOVATION)**

24      As a defense to each of plaintiff's causes of action, defendant alleges that any

25  performance allegedly due on any and all contracts alleged herein was discharged by a novation.

26  **SEVENTEENTH AFFIRMATIVE DEFENSE**

27  **(STATUTE OF FRAUDS)**

28      As a defense to each of plaintiff's causes of action, defendant alleges that the Complaint

-4-

ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  is barred as a result of the statute of frauds.

2  <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

3  <u>**(DAMAGES CAUSED BY PLAINTIFF'S BREACH OF CONTRACT)**</u>

4  As a defense to each of plaintiff's causes of action, defendant alleges that if plaintiff has

5  suffered any damages, which this answering defendant denies, the damages were solely caused

6  by and are the result of plaintiff's breach of contract (and not conduct by this answering

7  defendant).

8  <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

9  <u>**(ACCOUNTING)**</u>

10  As a defense to each of plaintiff's causes of action, defendant alleges that any and all

11  contractual liability between plaintiff and this answering defendant cannot correctly be

12  determined without an accounting between the parties.

13  <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

14  <u>**(UNCONSCIONABLE)**</u>

15  As a defense to each of plaintiff's causes of action, defendant alleges that any

16  performance allegedly due on any and all contracts alleged herein was discharged because the

17  contract is unconscionable pursuant to *California Civil Code* § 1670.5.

18  <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

19  <u>**(FAILURE TO DISCLOSE)**</u>

20  As a defense to each of plaintiff's causes of action, defendant alleges that in the event

21  there was a breach of contract, the breach was caused by plaintiff's failure to disclose important

22  information to it, so defendant could not comply with the contract or was unaware of what it had

23  to do.

24  <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

25  <u>**(ALTERATION)**</u>

26  As a defense to each of plaintiff's causes of action, defendant alleges that any

27  performance allegedly due on any and all contracts alleged herein was discharged by an

28  alteration.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-5-

1   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2   **(UNCLEAN HANDS)**

3       As a defense to each of plaintiff's causes of action, defendant alleges that to the extent

4   Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and

5   therefore bars equitable relief.

6   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7   **(LACHES)**

8       As a defense to each of plaintiff's causes of action, defendant alleges that plaintiff

9   inexcusably waited an unreasonable period of time to complain of the alleged acts or omissions

10  in the Complaint so as to prejudice defendant.  Plaintiff is therefore guilty of laches and is barred

11  from recovery.

12  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13  **(NO BASIS FOR AN AWARD OF ATTORNEYS' FEES)**

14      As a defense to each of plaintiff's causes of action, defendant alleges that there is no

15  statute or contract authorizing an award of attorneys' fees to plaintiff and against defendant.

16  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17  **(FAILURE TO MITIGATE DAMAGES)**

18      As a defense to each of plaintiff's causes of action, defendant alleges that had plaintiff

19  taken reasonable steps toward mitigating its' losses (and it did not), it would not have suffered

20  the damages it allegedly sustained as a proximate result of defendant's alleged acts and

21  omissions.  Plaintiff's right to recover damages is therefore barred or diminished accordingly.

22  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

23  **(WAIVER)**

24      As a defense to each of plaintiff's causes of action, defendant alleges plaintiff has waived

25  its' right to relief sought in the Complaint by virtue of its' acts, conduct, representations,

26  omissions, and admissions.

27  ///

28  ///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-6-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

As a defense to each of plaintiff's causes of action, defendant alleges that plaintiff's causes of action are barred by reason of plaintiff's acts, omissions, representations, and courses of conduct through which defendant was led to rely to its' detriment, thereby barring, under the doctrine of equitable estoppel, all of plaintiff's causes of action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (CONSENT)

As a defense to each of plaintiff's causes of action, defendant alleges that at all times relevant to the Complaint, plaintiff has given its' consent, express or implied, to any acts, omissions, representations, and courses of conduct of defendant as alleged in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (DISCHARGE)

As a defense to each of plaintiff's causes of action, defendant alleges the obligations of defendant under the terms and conditions of the alleged contract have been discharged by operation of law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (UNJUST ENRICHMENT)

As a defense to each of plaintiff's causes of action, defendant alleges Plaintiff's claims are barred by the doctrine of unjust enrichment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (AGAINST PUBLIC POLICY)

As a defense to each of plaintiff's causes of action, defendant alleges that the contract alleged in the Complaint is unenforceable in that it is against public policy pursuant to *California Civil Code* § 1667(2)(3).

///

///

///

ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(AGAINST LAW)**

As a defense to each of plaintiff's causes of action, defendant alleges that the contract alleged in the Complaint is unenforceable in that it is contrary to express provision of law pursuant to *California Civil Code* § 1667(1).

**RESERVATION OF DEFENSES**

As a defense to each of plaintiff's causes of action, defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available.  Therefore, defendant reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicates they are proper.

**WHEREFORE**, defendant prays for judgment as follows:

1.    That the Complaint and each cause of action therein be dismissed with prejudice;

2.    That Plaintiff  takes nothing by way of its' Complaint;

3.    That judgment be entered against Plaintiff  and in favor of Defendant;

4.    That Defendant be awarded attorney's fees to the extent authorized by California law or any contract between the parties and costs of suit; and

that the Court orders such other and further relief as it deems just and proper.

Dated:  June 8, 2017

GORDON & REES LLP

By: _____

Jeffrey A. Swedo
Attorneys for Defendant MODULAR
MINING SYSTEMS, INC.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1136496/32942913v.1

-8-

ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 2211 Michelson Drive Suite 400, Irvine, CA 92612.  On June 8, 2017, I served the within documents:

**ANSWER OF MODULAR MINING SYSTEMS, INC. TO COMPLAINT OF CORNERSTONE ONEDEMAND, INC.**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Irvine, addressed as set forth below.

> Lawrence J. Imel, Esq.
> Julian M. Feldbein-Vinderman, Esq.
> LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN, APC
> 1875 Century Park East, Suite 2100
> Los Angeles, CA  90067

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 8, 2017 at Irvine, California.

_Sandra Avants_
Sandra Avants

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# Exhibit 3

JEFFREY A. SWEDO  (SBN:  78361)
GORDON & REES LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060

Attorneys for Defendant and Cross-Complainant,
MODULAR MINING SYSTEMS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| CORNERSTONE ONDEMAND, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MODULAR MINING SYSTEMS, INC., an Arizona corporation; and DOES 1 through 10, inclusive<br><br>Defendant. | CASE NO. BC661617<br><br>Assigned for All Purposes to:<br>Judge: Hon. Maureen Duffy-Lewis<br>Dept.: 38<br><br>**CROSS COMPLAINT OF MODULAR MINING SYSTEMS, INC. AGAINST CORNERSTONE ONDEMAND, INC. FOR:** |
| MODULAR MINING SYSTEMS, INC., an Arizona corporation,<br><br>Cross-Complainant,<br><br>vs.<br><br>CORNERSTONE ONDEMAND, INC., a Delaware corporation; and ROES 1 through 10, inclusive<br><br>Cross-Defendants. | **(1) BREACH OF CONTRACT;**<br>**(2) RESCISSION;**<br>**(3) INTENTIONAL MISREPRESENTA-TION;**<br>**(4) NEGLIGENT MISREPRESENTA-TION;**<br>**(5) ACCOUNT STATED**<br><br>Action filed:   05/16/17<br>Trial Date:     None |

Cross complainant MODULAR MINING SYSTEMS, INC. alleges the following as and for its Cross Complaint against cross defendant CORNERSTONE ONDEMAND, INC.:

///

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## PARTIES

1.    Cross-complainant MODULAR MINING SYSTEMS, INC. ("MODULAR" and/or "cross-complainant") is, and at all times mentioned herein was, an Arizona corporation, with  its principal place of business in Tucson, Arizona.

2.    Founded in 1979, MODULAR revolutionized the mining industry with the first DISPATCH system and now with over 650 employees and 10 offices worldwide, the company offers its customers a complete lineup of mine management solutions.

3.    Cross-defendants CORNERSTONE ONDEMAND, INC. and ROES 1-10 ("CORNERSTONE" and/or "cross-defendant") is, and at all times mentioned herein was, a California corporation, with its principal place of business in Santa Monica, California.

4.    CORNERSTONE provides on-line software applications for organizations to manage their employee systems.

5.    Cross-complainant is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the cross-defendants sued herein under the fictitious names ROES 1through 10, inclusive, and for that reason sue said cross-defendants, and each of them, by such fictitious names.  Cross-complainant will ask leave of court to amend this cross-complaint to state the true names and capacities of said cross-defendants when the same have been ascertained.  Cross-complainant is informed and believes, and based thereon alleges, that the fictitious cross-defendants are in some way liable to MODULAR for the damages suffered as herein alleged.

6.    Cross-complainant is informed and believes, and thereon alleges that each of the cross-defendants sued herein as a ROE were the agents, servants, employees, representatives, partners, joint venturers and/or alter egos of each other and, at all times herein mentioned were acting within their course, scope, and capacity of such agents, servants, employees, representatives, partners, joint venturers and/or alter egos, and further were acting with the knowledge, permission, and consent of the other cross-defendants, and further ratified and consented to the conduct committed by each of the other cross-defendants.

///

2

CROSS-COMPLAINT

**Jurisdiction and Venue**

7.      This court has jurisdiction over this matter, and this matter is properly venued within this judicial district based on diversity jurisdiction because MODULAR is a resident of Tucson, Arizona, and CORNERSTONE is a resident of Santa Monica, California.  Further, MODULAR's damages, which it seeks recovery herein from cross-defendants, exceed the jurisdictional limit of this court.

8.      The agreement at issue in this lawsuit provides as follows:  "This agreement will be governed by and construed in accordance with the laws of the State of California and the federal laws of the United States of America, without regard to conflict of law principles. Cornerstone and client agree that any suit, action or proceeding arising out of or with respect to this Agreement or any judgment rendered by any court in respect thereof shall be brought exclusively in the state or federal courts of the State of California located in the County of Los Angeles, and each of Cornerstone and Client hereby irrevocably accept the personal jurisdiction and venue of those courts for the purpose of any suit, action or proceeding."

**GENERAL FACTUAL ALLEGATIONS**

9.      On or about December 11, 2015, MODULAR entered into the following written agreement entitled, "Cornerstone OnDemand – Master Agreement," ("Master Agreement") for a three year subscription to CORNERSTONE's human resources software, with accompanying product subscriptions or modules.  Subsequent orders were incorporated into and made a part of this Master Agreement.  A true and correct copy of said Master Agreement and subsequent orders are attached hereto and incorporated herein by this reference as "Exhibit A."

10.      This Master Agreement, for several product subscriptions or modules including recruiting, onboarding, human resources data, and others as set forth in Exhibit A was entered into for a subscription fee of approximately $83,000.00 annually, plus implementation fees for services.

11.      In the year after it entered into the Master Agreement, MODULAR worked with CORNERSTONE to implement the subscriptions or modules, and became frustrated with an unsatisfactory level of service by CORNERSTONE, and was dissatisfied with the actual

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   subscriptions or modules.  MODULAR documented and corresponded with CORNERSTONE

2   regarding these escalating product issues, with no acceptable resolution or response from

3   CORNERSTONE.

4        12.     Pursuant to the Master Agreement attached as Exhibit A, cross-defendant

5   CORNERSTONE made the following promises and representations, among others, concerning

6   its obligation to deliver a useable and integrated human resources software product, related

7   services, and functionality:

8        (a)     Pursuant to provision 2 of the Agreement, CORNERSTONE is obligated to

9   "make the Products available on a non-exclusive basis to Active Users via the internet."

10       13.     CORNERSTONE failed and refused, without good cause or justification, to

11  comply with the foregoing representation under provision 2 of the Master Agreement.  Currently,

12  there is functionality originally sold under Exhibit A that has not been made available to

13  MODULAR and therefore has not been delivered as promised and as represented by

14  CORNERSTONE under Exhibit A.

15       14.     Pursuant to Exhibit A, the software product, technical projects, and related

16  services required of CORNERSTONE were not delivered as promised and did not function as

17  represented.  Documentary evidence suggests that the portions of the product which were

18  delivered did not function and that other modules were not even in development more than a year

19  into the term of the Master Agreement.

20       15.     CORNERSTONE'S demonstrations of its products to MODULAR prior to the

21  inception of the Agreement were inaccurate and misleading.  CORNERSTONE misrepresented

22  the capabilities of its products in order to induce MODULAR to enter into the Master

23  Agreement.

24       16.     On November 2, 2016, MODULAR sent a termination notice for cause to

25  CORNERSTONE pursuant to provision 7 (b) of the Agreement.  A true and correct copy of said

26  termination letter is incorporated herein by this reference and attached hereto as "Exhibit B."  As

27  set forth in Exhibit B, MODULAR demanded the following refund for the initial year's

28  subscription, and undelivered technical projects, due to CORNERSTONE's failure to deliver the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

4

promised functionality and services:

- $41,500.00 for annual subscription fee for non-functioning products;

- 22,000.00 for Technical Services for non-functioning products;

- $8,000.00 for OnBoarding for non-functioning products; and;

- $14,000.00 for Link for non-functioning products.

17.     Provision 7 (b) <u>Termination for Cause</u> of the Master Agreement states as follows: "Either party may immediately terminate this Agreement if the other party materially breaches its obligations hereunder, and, where capable of remedy, such breach has not been materially cured within thirty (30) days of the breaching party's receipt of written notice describing the breach in reasonable detail."

18.     CORNERSTONE's failure to substantially perform all of the conditions of the Master Agreement, and continuing thereafter, is a material breach of the Master Agreement.

19.     MODULAR has performed all conditions, promises, and covenants to be performed on its part under said Master Agreement with CORNERSTONE.

20.     On May 2, 2017, prior to the initiation of this lawsuit, MODULAR demanded the prompt return of $85,500.00, as more particularly set forth above in paragraph 16, paid to CORNERSTONE, based on CORNERSTONE'S breach of the Agreement.  CORNERSTONE has refused to return any of the monies, and continues to withhold all of MODULAR's monies paid under the Agreement.  A true and correct copy of MODULAR's demand letter is incorporated herein and attached hereto as "Exhibit C."

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Cornerstone OnDemand, Inc. and Roes 1-10, inclusive)

21.     Cross-complainant hereby incorporates by reference, as though fully set forth herein, any and all of the allegations set forth above in paragraphs 1 through 20, inclusive.

22.     Cross-complainant MODULAR has performed all conditions, covenants, and promises required by MODULAR to be performed in accordance with the terms and conditions of the Master Agreement, and/or is excused for any non-performance of terms and conditions of the Master Agreement based on cross-defendants' conduct and material breach of the Master

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

5

1  Agreement.

2      23.    Since the inception of the Master Agreement, CORNERSTONE materially

3  breached the terms and conditions of the Master Agreement in the following respects:

4      (a)    Pursuant to provision 2 of the Agreement, CORNERSTONE is obligated to

5  "make the Products available on a non-exclusive basis to Active Users via the internet."

6  CORNERSTONE failed and refused, without good cause or justification, to comply with the

7  foregoing representation under provision 2 of the Master Agreement.  Currently, there is

8  functionality originally sold under Exhibit A that has not been made available to MODULAR

9  and therefore has not been delivered as promised and represented by CORNERSTONE under

10 Exhibit A.

11     (b)    Pursuant to Exhibit A, the software product, technical projects, and related

12 services required of CORNERSTONE were not delivered as promised and did not function as

13 represented.  Documentary evidence suggests that the portions of the product which were

14 delivered did not function and that other modules were not even in development more than one

15 (1) year into the term of the Master Agreement.

16     (c)    CORNERSTONE'S demonstrations of its products to MODULAR prior to the

17 inception of the Agreement were inaccurate and misleading.  CORNERSTONE misrepresented

18 the capabilities of its products in order to induce MODULAR into entering the Master

19 Agreement.

20     24.    On November 2, 2016, MODULAR sent a Termination for Cause letter pursuant

21 to provision 7 (b) of the Agreement based on cross-defendants' material and willful breach of the

22 Agreement.

23     25.    On May 2, 2017, MODULAR made a written demand for the return of all monies

24 paid by MODULAR to CORNERSTONE because of CORNERSTONE's material breach of the

25 Agreement.  CORNERSTONE has not paid this amount, or any part of it.

26     26.    As a direct and proximate result of CORNERSTONE's breach of said Agreement,

27 MODULAR has been damaged in the total sum of approximately $85,500.00, plus interest

28 thereon at the maximum legal rate from and after said sum became due, according to proof at the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

6

time of trial.

## SECOND CAUSE OF ACTION FOR RESCISSION

**(Against Cornerstone OnDemand, Inc. and Roes 1-10, inclusive)**

27.     Cross-complainant hereby incorporates by reference, as though fully set forth herein, any and all of the allegations set forth above in paragraphs 1 through 27, inclusive.

28.     On or about December 11, 2015, CORNERSTONE, knowing the representations to be false and with the intent to deceive MODULAR to enter into the contract, falsely and fraudulently represented to MODULAR as follows:

(a)     Pursuant to provision 2 of the Agreement, CORNERSTONE is obligated to "make the Products available on a non-exclusive basis to Active Users via the internet." CORNERSTONE failed and refused, without good cause or justification, to comply with the representations under provision 2 of the Master Agreement.  Currently, there is functionality originally sold under Exhibit A that has not been made available to MODULAR and therefore has not been delivered as promised and represented by CORNERSTONE under Exhibit A.

(b)     Pursuant to Exhibit A, the software product, technical projects, and related services required of CORNERSTONE were not delivered as promised and did not function as represented.  Documentary evidence suggests that the portions of the product which were delivered did not function and that other modules were not even in development more than a year into the term of the Master Agreement.

(c)     CORNERSTONE'S demonstrations of its products to MODULAR prior to the inception of the Agreement were inaccurate and misleading.  CORNERSTONE misrepresented the capabilities of its products in order to induce MODULAR to enter into the Master Agreement.

29.     The foregoing representations set forth in paragraph 29 were inaccurate, misleading, and false.  In fact, the software product and related services required of CORNERSTONE were not delivered as promised and did not function as represented. Documentary evidence suggests that the portions of the product which were delivered did not function and that other modules were not even in development more than a year into the term of

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

7

the Master Agreement.

30.    At the time the representations were made, and at the time MODULAR entered into the Master Agreement, and at the time MODULAR rendered its performance under the Master Agreement, MODULAR did not know the representations were false, but believed them to be true and reasonably relied on them.  Had MODULAR known the representations were false, it would not have entered into the Master Agreement and would not have rendered or accepted performance thereunder.

31.    Under the terms of the Master Agreement, MODULAR paid CORNERSTONE certain sums of monies, including but not limited to the following:

- $41,500.00 for annual subscription fee for non-functioning products;
- $22,000.00 for Technical Services for non-functioning products;
- $8,000.00 for OnBoarding for non-functioning products; and
- $14,000.00 for Link for non-functioning products.

32.    Cross-complainant MODULAR has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Master Agreement, and/or is excused for any non-performance of terms and conditions of the Master Agreement based on cross-defendants' conduct and material breach of the Master Agreement.

33.    Since the inception of the Master Agreement on December 11, 2015, CORNERSTONE's software product, technical projects, and related services required of CORNERSTONE were not delivered as promised to MODULAR and did not function as represented.

34.    On or about May 2, 2017, MODULAR notified CORNERSTONE in writing that it had rescinded the Master Agreement because CORNERSTONE misrepresented the capabilities of its product in order to induce MODULAR to enter into the Master Agreement.  A copy of that notice is attached as Exhibit C and incorporated herein by this reference.  Cross-defendants refused, and continue to refuse, to restore to MODULAR, in whole or in part, the consideration paid by MODULAR, or to recognize that the Master Agreement has been rescinded.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## THIRD CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

### (Against Cornerstone OnDemand, Inc. and Roes 1-10, inclusive)

35.    Cross-complainant hereby incorporates by reference, as though fully set forth herein, any and all of the allegations set forth above in paragraphs 1 through 35, inclusive.

36.    On or about December 11, 2015, CORNERSTONE, knowing the representations to be false and with the intent to deceive MODULAR to enter into the contract, falsely and fraudulently represented to MODULAR as follows:

(a)    Pursuant to provision 2 of the Agreement, CORNERSTONE is obligated to "make the Products available on a non-exclusive basis to Active Users via the internet." CORNERSTONE failed and refused, without good cause or justification, to comply with the foregoing representation under provision 2 of the Master Agreement.  Currently, there is functionality originally sold under Exhibit A that has not been made available to MODULAR and therefore has not been delivered as promised and represented by CORNERSTONE under Exhibit A.

(b)    Pursuant to Exhibit A, the software product, technical projects, and related services required of CORNERSTONE were not delivered as promised and did not function as represented.  Documentary evidence suggests that the portions of the product which were delivered did not function and that other modules were not even in development more than a year into the term of the Master Agreement.

(c)    CORNERSTONE'S demonstrations of its products to MODULAR prior to the inception of the Agreement were inaccurate and misleading.  CORNERSTONE misrepresented the capabilities of its products in order to induce MODULAR into entering the Master Agreement.

37.    In reliance upon CORNERSTONE's representations, MODULAR agreed to enter into the Agreement attached hereto as Exhibit A, and to be bound by its terms and conditions.  In further reliance upon said representations, MODULAR agreed to, and did pay CORNERSTONE consideration as provided by the Master Agreement.

CROSS-COMPLAINT

38.    Cross-complainant is informed and believes and thereon alleges that the above-described representations were false when made by cross-defendants, and that cross-defendants had no intention of performing their obligations pursuant to the Master Agreement..

39.    As a direct, proximate and legal result of the detrimental reliance by MODULAR upon the false representations made by cross-defendants, MODULAR has been damaged as alleged above.

40.    The actions and conduct of cross-defendants, as alleged herein, were committed intentionally, maliciously, wantonly, oppressively and fraudulently, with a conscious disregard for MODULAR's rights, and with the intent to vex, injure, punish, and annoy MODULAR, so as to cause the injuries sustained by MODULAR, within the meaning of California Civil Code § 3294.

41.    Cross-complainant is therefore entitled to seek, and does seek entitlement to punitive or exemplary damages in an amount sufficient to punish and make an example of cross-defendant.

## FOURTH CAUSE OFACTION FOR NEGLIGENT MISREPRESENTATION

### (Against Cornerstone OnDemand, Inc. and Roes 1-10, inclusive)

42.    Cross-complainant hereby incorporates by reference, as though fully set forth herein, any and all of the allegations set forth above in paragraphs 1 through 42, inclusive.

43.    When cross-defendant made the representations as set forth above in paragraphs 12 through 15 of the Master Agreement, and pursuant to any and all of the allegations set forth above in paragraphs 1 through 42, inclusive, cross-defendant had no reasonable ground for believing them to be true in that cross-defendants failed and refused, without good cause or justification, to comply with the foregoing representations.

44.    Pursuant to the Master Agreement and as ordered by MODULAR, CORNERSTONE promised certain functionality which has not been provided by; or performed by CORNERSTONE.  CORNERSTONE failed, and continues to fail, to provide the promised functionality, or performances under the Master Agreement.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

45.    Cross-defendant made these representations with the intention of inducing MODULAR to act in reliance on these representations in the manner hereafter alleged, or with the expectation that MODULAR would so act.

46.    In making these representations, acts and conduct alleged herein, cross-defendants acted carelessly and negligently toward MODULAR, and below the standard of care normally expected of, and demonstrated by those engaging in similar conduct within cross-defendants' respective industry.

47.    As a direct, proximate and legal result of the detrimental reliance by MODULAR upon these negligent misrepresentations made by cross-defendants, MODULAR has been damaged as alleged above.

## FIFTH CAUSE OF ACTION FOR ACCOUNT STATED

### (Against Cornerstone OnDemand, Inc. and Roes 1-10, inclusive)

48.    MODULAR re-alleges and incorporates by reference herein each and every allegation set forth and contained in paragraphs 1 through 48, inclusive of this cross-complaint.

49.    Within the past two years, there was an account stated by and between MODULAR and CORNERSTONE, whereby CORNERSTONE became indebted to MODULAR for money due based on CORNERSTONE'S breach of the Master Agreement, which resulted in the termination and/or rescission of the Master Agreement. There is now due, owing, and unpaid from CORNERSTONE to MODULAR, the amount of approximately $85,500.00, plus interest thereon at the maximum legal rate from and after said sum becomes due according to proof at trial.

50.    MODULAR has made demand on CORNERSTONE for payment of the sums due and owing pursuant to the Master Agreement, but CORNERSTONE has failed and refused to pay such amounts.

51.    As a proximate and direct result of CORNERSTONE's refusal to pay the sums owing to MODULAR under the Master Agreement, MODULAR has suffered and will continue to suffer damages in an amount exceeding the jurisdictional minimum of this Court.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## **PRAYER FOR RELIEF**

WHEREFORE, cross-complainant MODULAR prays for judgment against cross-defendants, CORNERSTONE and ROES 1-10, as follows:

1.     That this court declare that the contract has been rescinded;

2.     That cross-defendant be ordered to return all monies paid under the Master Agreement by MODULAR, including but not limited $85,500.00;

3.     For costs of suit herein;

4.     For interest thereon at the maximum legal rate;

5.     For prejudgment interest on all sums awarded at the maximum legal rate;

6.     For declaratory relief;

IN THE ALTERNATIVE,

7.     For compensatory damages according to proof thereof;

8.     For costs of suit herein;

9.     For interest thereon at the maximum legal rate;

10.    For prejudgment interest on all sums awarded at the maximum legal rate;

11.    For declaratory relief;

12.    For punitive damages;

13.    For such other and further relief as the Court may deem just and proper.

Dated: June 8, 2017

GORDON & REES LLP

By: _____
Jeffrey A. Swedo
Attorneys for Defendant and Cross-Complainant MODULAR MINING SYSTEMS, INC.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1136496/33240645v.1

12

CROSS-COMPLAINT

<div align="center">PROOF OF SERVICE</div>

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 2211 Michelson Drive Suite 400, Irvine, CA 92612. On June 8, 2017, I served the within documents:

**CROSS COMPLAINT OF MODULAR MINING SYSTEMS, INC. AGAINST CORNERSTONE ONDEMAND, INC. FOR: (1) BREACH OF CONTRACT; (2) RESCISSION; (3) INTENTIONAL MISREPRESENTATION; (4) NEGLIGENT MISREPRESENTATION; (5) ACCOUNT STATED**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Irvine, addressed as set forth below.

   Lawrence J. Imel, Esq.
   Julian M. Feldbein-Vinderman, Esq.
   LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN, APC
   1875 Century Park East, Suite 2100
   Los Angeles, CA 90067

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on June 8, 2017 at Irvine, California.

         _Sandra Avants_
         Sandra Avants

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612